UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NASH, | CASE NO. 1:12-cv-00694-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 9) |

**Screening Order**

On June 14, 2012, Plaintiff, proceeding *in forma pauperis*, by his Attorneys, Milam Law, filed an amended complaint.  Because Plaintiff's first amended complaint continues to allege legal conclusions, rather than facts sufficient to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii) requires this Court again to dismiss it.

**I.      Screening Requirement**

The Court must screen any case in which a plaintiff proceeds *in forma pauperis*.  28 U.S.C. § 1915.  Screening is required even if a plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits.  *See, e.g.*, 42 U.S.C. § 405(g) (establishing conditions under which a claimant of social security benefits may seek judicial review of the Commissioner's determination).  A court must dismiss any case, regardless of the fee paid, if the action or appeal is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B).

## II. Cognizable Claim

In determining whether a complaint fails to state a cognizable claim, a court applies substantially the same standard applied in motions to dismiss pursuant to F.R.Civ.P. 12(b)(6). *Gutierrez v. Astrue*, 2011 WL 1087261 at *1 (E.D.Cal. March 23, 2011) (No. 1:11-cv-00454-GSA). "The focus of any Rule 12(b)(6) dismissal . . . . is the complaint." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). A court must dismiss a complaint, or portion of a complaint, for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim(s) that would entitled the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When a court reviews a complaint under this standard, it must accept as true the complaint's allegations (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pleadings in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

### A. Short and Plain Statement

The sufficiency of a complaint is first determined by referring to F.R.Civ.P. 8(a) which requires that a civil complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing the pleader is entitled to relief; and

(3) a demand for the relief sought which may include relief in the alternative or different types of relief.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). A complaint appealing the Commissioner's decision denying social security disability benefits is not exempt from the general rules of civil pleading. "While [42 U.S.C.] § 405(g) does not require that a complaint spell out the basis upon which relief might be granted, Rule 8(a) requires a civil plaintiff to assert the basis upon which he grounds his claim." *Brown v. Astrue*, 2011 WL 3664429 at *2 (D.N.H.

August 19, 2011) (No. 11-cv-056-JL). The complaint must "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

### B. Principles of Pleading

#### 1. Factual Allegations and Legal Conclusions

Determining a complaint's sufficiency invokes two underlying principles of pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). First, the Court must accept as true the well-pleaded factual allegations of the complaint. *Twombly*, 550 U.S. at 555. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). A complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong. *Brown*, 2011 WL 3664429 at *3. *See also Demetriades v. Astrue*, 2011 WL 4079054 (W.D.Va. September 13, 2011) (No. 7:11-cv-00407) (dismissing case without prejudice for failure to state a plausible claim for relief as a result of insufficient factual allegations); *Ormsby v. Astrue*, 2011 WL 3625101 at * 2, *adopted by* 2011 WL 3625095 (M.D. Fla. August 4, 2011) (No. 6:11-cv-1262-ORL-22) (dismissing cursory complaint which alleged insufficient facts to state a cognizable claim).

Although the amended complaint is much improved from Plaintiff's first complaint, alleging Plaintiff's severe impairments and relevant dates in the administrative process, it

continues to confuse facts and legal conclusions regarding the nature of Plaintiff's claim for relief. In general legal usage, a *fact* is defined as:

> **1.** Something that actually exists; an aspect of reality <it is a fact that all people are mortal>. • Facts include not just tangible things, actual occurrences, and relationships, but also states of mind such as intentions and opinions. **2.** An actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation <the jury made a finding of fact>.

*Black's Law Dictionary* at 628 (8th ed. 1999).

In common use, a fact may be defined as "the quality of being actual," "something that has actual existence," "an actual occurrence," and "a piece of information presented as having objective reality." *Merriam-Webster's Collegiate Dictionary* at 416 (10th ed. 1996).

While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A legal conclusion is a statement such as, " There is not substantial evidence in the record to support the legal conclusion that Plaintiff was not disabled within the meaning of the Act." Facts include such allegations as "Plaintiff worked as an auto mechanic until June 1, 1990," and "Plaintiff was fired from her job when she became unable to grasp her tools."

While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### 2. **Plausible Claim for Relief**

The second underlying principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. To permit the Court to determine that a complaint states a plausible claim for relief, based on the reviewing court's judicial experience and common sense, the well-pleaded facts must permit the court "to infer more than a

mere possibility . . . . 'that the pleader is entitled to relief.'" *Id.*, *quoting* F.R.Civ.P. 8(a)(2). The Supreme Court explained:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

See also *Cook v. Astrue*, 2012 WL 812380 at *2 (E.D.Cal. March 9, 2012) (No. 1:12-cv-00347-GSA) (construing that the facts alleged in the complaint related to two legal conclusions); *Sanchez v. Astrue*, 2011 WL 1549307 (E.D. Cal. April 21, 2011) (No. 1:11-cv-00607-GSA). In drafting his second amended complaint, Plaintiff should allege facts from which the Court can reasonably infer that Plaintiff is entitled to relief .

Specifically, Plaintiff must allege facts to support his legal conclusions that sufficient evidence did not support the Commissioner's decision. Simply because Plaintiff is appealing the decision, his conclusion that the decision was not supported by substantial evidence is apparent. To state a cognizable claim, Plaintiff must briefly allege facts from which the Commissioner and the Court can understand the basis of that conclusion.

### III.   Conclusion and Order

In rejecting Brown's complaint appealing the Commissioner's denying him benefits, the Court observed, ""The complaint's sole assertion of a basis for relief is that Brown feels the SSA decision was wrong." *Brown*, 2011 WL 3664429 at *2. Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong. *Id.* at *3. Plaintiff's second amended complaint should do so.

Because the amended complaint fails to allege facts sufficient to state a claim upon which relief can be granted, this Court now dismisses it. The Court will provide Plaintiff with one additional opportunity to file an amended complaint curing the deficiencies identified by the

Court in this order. Plaintiff must revise his amended complaint to allege facts sufficient to support a cognizable claim. Plaintiff may not change the nature of this suit by adding new, unrelated claims in the second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that each amended complaint supercedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend for failure to state facts sufficient to state a claim on which relief may be granted;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;

3. If Plaintiff's second amended complaint fails to state a claim on which relief may be granted, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim; and

4. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

IT IS SO ORDERED.

**Dated:   June 19, 2012**                    /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE