**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NASH, | Case No. 1:12-cv-00694-AWI-SMS |
| Plaintiff, | |
| | **ORDER REQUESTING ADDITIONAL DOCUMENTS  SUPPORTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| | (Doc. 41) |

On April 30, 2012, Plaintiff filed a complaint challenging the denial of his disability benefits by the Commissioner of Social Security ("Commissioner").  Doc. 1.  The Magistrate Judge issued findings and recommendations to affirm the Commissioner's decision.  Doc. 29.  On September 30, 2013, the District Court adopted the recommendations in part, but determined that the Administrative Law Judge ("ALJ") did not adequately discuss Plaintiff's testimony that Lasix made him urinate every 60 to 90 minutes.  Doc. 32; *see Varney v. Secretary of HHS*, 846 F.2d 581, 585-86 (9th Cir. 1988).  The Court therefore remanded to the ALJ to consider the frequent urination testimony.  Thereafter, Plaintiff's counsel, Sengthiene Bosavanh, filed a motion for attorneys' fees and costs under the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA motion").  Doc. 34. On February 20, 2014, the Magistrate Judge issued findings and recommendations to deny Ms. Bosavanh's motion or, in the alternative, to grant $3,868.67 in fees and $19.50 in costs.  Doc. 38.

1

On January 13, 2015, the District Court adopted the recommendations and denied in full the EAJA motion.  Doc. 40.

Before the Court now is Ms. Bosavanh's motion for attorneys' fees under 42 U.S.C. § 406(b).  Doc. 41.  Plaintiff was served with the motion but did not file an opposition.  Doc.41-6. The Commissioner filed a response to the motion, but "takes no formal position."  Doc. 42, pg. 5. Ms. Bosavanh did not file a reply.

Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable.  Rather, the statute provides only that the fee must not exceed 25% of the past-due benefits awarded."  *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation omitted). A district court has discretion, under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), to evaluate a request for attorneys' fee under section 406(b).  But counsel bears the burden of showing "that the fee sought is reasonable for the services rendered."  *Id.* at 807.  And based on the supporting documents provided, the Court is unable, at this point, to engage in a meaningful review of the motion.

Ms. Bosavanh submits, among other, a letter from the Social Security Administration informing Plaintiff that he would be refunded $59, 917.42, and that $19, 972.48 is withheld for attorneys' fees.  Doc. 41-3.  The letter does not reflect the total past-due benefits payable to Plaintiff.  The Court therefore cannot be certain that $19,972.48 is not more than 25% of Plaintiff's past-due benefits.  And the Court will not engage in speculation or guesswork.

Notably, Ms. Bosavanh states in the motion that her "staff has called and talked to staff at the Payment Center to asked [*sic*] for an amended Notice of Information or amended Notice of Award that shows the total backpay of $78, 889.92 withheld."  Doc. 41, pg. 3 fn 1.  The Court therefore requests Ms. Bosavanh submit, for review, the amended Notice of Information or Notice of Award.  Alternatively, she may submit a declaration confirming Plaintiff's total past-due benefits

2

and informing the Court that despite efforts to obtain an amended Notice of Information or Notice of Award, no such document was obtained.

Additionally, the Court "may require the claimant's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent fee cases." *Id*. at 808.  While Ms. Bosavanh provides a time record of her representation of Plaintiff before the Court, showing hours totaling 40.7, nowhere is there information of her hourly billing rate in non-contingent fee cases.  The Court therefore also requests that Ms. Bosavanh submit, for review, a statement of her normal hourly billing rate in non-contingent fee cases.

Finally, Ms. Bosavanh is reminded that 25% maximum attorneys' fee is not an automatic entitlement. *Id.* It is her, and not the Court's, burden to show the fee requested is reasonable. Accordingly, based on the foregoing, it is HEREBY ORDERED that Ms. Bosavanh submit to the Court, no later than thirty **(30)** days from the date of this Order:

1.  The amended Notice of Information or Notice of Award or, in the alternative, a declaration confirming Plaintiff's total past-due benefits and

2.  A statement of Ms. Bosavanh's normal hourly billing charge in non-contingent fee cases.


IT IS SO ORDERED.

Dated:   **December 9, 2015**          **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

3