# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NASH,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:12-cv-00694-AWI-SMS<br><br>**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF'S AMENDED MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)**<br><br>(Doc. 45) |

    This Findings and Recommendation is submitted to United States District Judge Anthony W. Ishii under 28 U.S.C. § 636(b)(1) and Local Civil Rule 302 of the United States District Court for the Eastern District of California.

    On April 30, 2012, Plaintiff filed a complaint challenging the denial of his disability benefits by the Commissioner of Social Security ("Commissioner"). Doc. 1. The Magistrate Judge issued findings and recommendations to affirm the Commissioner's decision. Doc. 29. On September 30, 2013, the District Court adopted the recommendations in part, but determined that the Administrative Law Judge ("ALJ") did not adequately discuss Plaintiff's testimony that Lasix made him urinate every 60 to 90 minutes. Doc. 32; *see Varney v. Secretary of HHS*, 846 F.2d 581, 585-86 (9th Cir. 1988). The Court therefore remanded to the ALJ to consider the frequent urination testimony.

1

Thereafter, Plaintiff's counsel, Sengthiene Bosavanh, filed a motion for attorneys' fees and costs under the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA motion").  Doc. 34.  On February 20, 2014, the Magistrate Judge issued findings and recommendations to deny Ms. Bosavanh's motion or, in the alternative, to grant $3,868.67 in fees and $19.50 in costs ("February 20, 2014 F&R").  Doc. 38.  On January 13, 2015, the District Court adopted the recommendations and denied in full the EAJA motion.  Doc. 40.

On July 9, 2015, Ms. Bosavanh filed a motion for attorneys' fees under 42 U.S.C. § 406(b), to which the Commissioner filed a response.  Doc. 41-42.  Relying on *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Court issued an order requesting additional documents, namely the amended Notice of Information or Notice of Award or, in the alternative, a declaration confirming Plaintiff's total past-due benefits and a statement of Ms. Bosavanh's normal hourly billing charge in non-contingent fee cases.  Doc. 43.  In response, Ms. Bosavanh filed a declaration explaining why she could not obtain a Notice of Award and that her law firm handles Social Security Disability cases exclusively, and does so on a contingent fee basis only.  Doc. 44.  Ms. Bosavanh also filed, on January 11, 2016, an amended motion for attorneys' fees under section 406(b).  Doc. 45.

Before the Court now is Ms. Bosavanh's January 11, 2016 amended motion.  Plaintiff was served with the amended motion but did not file an opposition.  Doc. 46.  Because the amended motion is nearly identical to the July 9, 2015, motion, the Commissioner's response to the latter will be considered a response to the former.

The Court finds the amended motion suitable for decision without oral argument.  Local Rule 230(g).

## I.      BACKGROUND

Because the parties are sufficiently familiar with the factual and procedural histories of this case, the Court will not recount it in detail here, discussing only what is relevant for purposes of

this order.

Relevant to the amended motion here is the contingency fee agreement between Plaintiff and the Law Office of Jeffrey Milam, through which Ms. Bosavanh is employed.  Plaintiff signed the agreement on April 30, 2012, whereby he agreed "that the attorneys' fee for representation before the federal court is separate from and in addition to any fee for representation before the agency.  The federal court attorneys' fee shall be the **<u>GREATER</u>** of . . . **25 (twenty-five) percent** of the past-due benefits . . . **<u>OR</u>** . . . such amount as [counsel is] able to obtain pursuant to the [EAJA]."  Doc. 41-1, pg. 1 (emphasis in original).

In the amended motion, Ms. Bosavanh requests a fee of $13, 972.48,[1] for 40.7 hours of representation before the Court.  She asserts that based on various factors—nature of the representation, results achieved, time expended, consideration of hourly rates, market treatment of contingency, and dearth of qualified counsel—the Court should find the requested fee reasonable.  Ms. Bosavanh relies mainly on *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) for support and submits for the Court's review the following:

    (1)    her declaration in support of the amended motion,
    (2)    the contingency agreement she entered into with Plaintiff,
    (3)    documentation of the SSA's decision favorable to Plaintiff,
    (4)    a letter from the SSA, dated May 10, 2015, informing Plaintiff that he would be refunded $59, 917.42, and that $19, 972.48 is withheld for attorneys' fees, and
    (5)    documentation reflecting numerous attempts by a staff member at the law firm to obtain a Notice of Award showing the payments due to Plaintiff and the attorney fee withheld, and
    (6)    a time record of her representation of Plaintiff before the Court, showing hours totaling 40.7.

Doc. 45, Exs. 1-4.  Ms. Bosavanh further asserts she does not intend on seeking section 406(a) fees because the requested amount here exhausts the withholding.

---

[1] Plaintiff submitted a letter from the SSA, dated May 10, 2015, showing that $19,972.48 is being withheld for attorneys' fees and that such amount is "no larger than 25 percent of past due benefits." Doc. 45-3, pg. 1.  Ms. Bosavanh requests $13, 972.48, and not $19,972.48, because another attorney in her law firm received a $6,000 award for successful representation of Plaintiff at the administrative hearing.  Doc. 45, pg. 1.

3

Without taking a formal position, the Commissioner raised some concerns about the reasonableness of Ms. Bosavanh's request. According to the Commissioner, the claimed hours are "excessive and unreasonable." Doc. 42, pg. 4. The Commissioner asserts, for example, the unreasonableness of Ms. Bosavanh's claim of spending 8.3 hours, given counsel's alleged experience as a Social Security attorney, to prepare and file a complaint and amended complaint which were both dismissed by the Court for failure to state a claim. Also of concern are alleged "duplicate billing entries for clerical tasks that could reasonably be completed by a legal secretary or considered part of the firm's general overhead costs." Doc. 42, pg. 4. Finally, the Commissioner highlighted instances of Ms. Bosavanh's questionable practice before this Court.

## II.   DISCUSSION

Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "The statute does not specify how courts should determine whether a requested fee is reasonable. Rather, the statute provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation omitted).

"The Supreme Court in *Gisbrecht* has given the district courts direction in how to evaluate a request for a contingent fee under § 406(b). Courts must 'approach [§ 406(b) ] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.' *Gisbrecht,* 535 U.S. at 808, 122 S.Ct. 1817; *see also Mudd,* 418 F.3d at 428 (recognizing this same methodology). Because the SSA has no direct interest in how much of the award goes to counsel and how much to

4

the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Id.* at 1149.

Notably, the Supreme Court identified a number of factors where a reduction of the fee is warranted: (1) the character of the representation, (2) the results achieved, (3) delay by counsel resulting in undue accumulation of benefits, and (4) the benefits are large in comparison to the amount of time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808; *see Crawford*, 586 F.3d at 1148 ("A fee resulting from a contingent-fee agreement is unreasonable . . . if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case") (internal quotations omitted).  And it is counsel who "must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

Before turning to the merits of Ms. Bosavanh's request, however, the Court addresses the Commissioner's response.  Contrary to what the Commissioner urges, the Court declines to adopt its analysis in the February 20, 2014 F&R because that analysis concerned the lodestar approach, which does not govern a section 406(b) motion. *See id.* at 1149 ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement.")  The Court is not required to apply the same analysis again here in addressing Ms. Bosavanh's amended motion for attorneys' fees under section 406(b).

In this case, it is undisputed that Plaintiff, represented by counsel, received a favorable judgment from the Commissioner following remand of the case.  The Court may therefore allow, as part of the judgment, a reasonable fee—not in excess of 25 percent of the total of the past-due benefits—for counsel's representation.  42 U.S.C. § 406(b)(1)(A).  And under the circumstances, the Court finds no reduction of the fee award is warranted.

First, there is no indication that Ms. Bosavanh engaged in substandard performance given the favorable result and amount of past-due benefits she obtained for Plaintiff.  Second, while there was some delay, it does not call for a reduction in benefits.  Specifically, Plaintiff filed his complaint on April 30, 2012, which the Court denied two days later.  Plaintiff then requested and received a fourteen-day extension to file the first amended complaint on June 14, 2012, which the Court again denied a week later.  Plaintiff filed the second amended complaint on June 28, 2012.  The total delay was approximately two months.   But there is no evidence the delay was intended to cause undue accumulation of past-due benefits.  *See Pennington v. Comm'r of Soc. Sec.*, 2010 WL 3491522, at *3 (D. Or. July 29, 2010) *report and recommendation adopted*, 2010 WL 3491521 (D. Or. Aug. 31, 2010) (The excessive delay doctrine has its roots in earlier cases denying 25% fee requests in social security cases where several years passed between the completion of briefing and the rendering of judgment by the district court.") (internal quotations omitted); *see, e.g., Dunnigan v. Astrue*, 2009 WL 6067058, at *12 (D. Or. Dec. 23, 2009) *report and recommendation adopted*, 2010 WL 1029809 (D. Or. Mar. 17, 2010) ("Dunnigan's attorney filed two unopposed motions for extensions, one of forty-five days to submit his opening brief and another of fourteen days to file his response to the Commissioner's motion to remand.  No evidence in the record suggests that either request was intended, even in part, to delay the proceedings in this case.").[2]

Finally, the $13,972.48 amount for 40.7 hours breaks down to approximately $343.30 per hour, which is not excessive when compared to what the Ninth Circuit has approved.  *See, e.g., Crawford*, 586 F.3d at 1153 (noting the majority's decision effectively approves hourly rates of both attorneys and paralegals of $519, $875, and $902 in three separate Social Security cases).  The requested fee is therefore not large when compared to the time counsel expended in representing

---

[2] These unpublished decisions are citable under Rule 32.1 of the Federal Rules of Appellate Procedure. *See also* 9th Cir. R. 36–3(b).

6

Plaintiff before the Court.

The Court issued its December 9, 2015, order requesting additional documents to ensure that Ms. Bosavanh's original request for $19,972.48, did not exceed 25 percent of Plaintiff's total past-due benefits.  Based on her submissions, the Court is now informed that despite repeated attempts, Ms. Bosavanh could not obtain documentation to confirm the exact amount of Plaintiffs' total pasts-due benefits.  The Court is satisfied that Ms. Bosavanh's declaration provides some degree of certainty concerning that amount, sufficient to overcome the lack of clarity in the SSA's May 10, 2015, letter.

In sum, the Court finds the fees sought reasonable for the services provided.

III.    CONCLUSION

Based on the foregoing, the undersigned recommends granting Ms. Bosavanh's amended motion.  Section 406(b) fees are allowed in the gross amount of $13,972.48, to be paid out of the sums withheld by the Commissioner from Plaintiff's total past-due benefits.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(1).  Within thirty **(30)** days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen **(14)** *court* days (plus three days if served by mail) after service of the objections.  The

///

///

///

///

///

7

Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **February 3, 2016**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

8